IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REBECCA SUTMILLER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-23-08-STE ) |
| KILOLO KIJAKAZI, Acting Commissioner of the Social Security Administration, | ) ) ) ) ) |
| Defendant. | ) ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for disability insurance benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

### I.     PROCEDURAL BACKGROUND

Initially and on reconsideration, the Social Security Administration denied Plaintiff's applications for benefits. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 16-30). The Appeals Council denied

Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II.   THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520 & 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since August 19, 2019, the alleged onset date. (TR. 19). At step two, the ALJ determined Ms. Sutmiller suffered from the following severe impairments: diabetes mellitus with diabetic peripheral neuropathy; degenerative disc disease of the cervical spine; bilateral carpal tunnel syndrome; fibromyalgia; migraine headaches; obesity; major depressive disorder; premenstrual dysphoric disorder; post-traumatic stress disorder; anxiety disorder; and polysubstance abuse. (TR. 19). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 20).

At step four, the ALJ concluded that Ms. Sutmiller retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) in that she can lift, carry, push, and/or pull, 20 pounds occasionally, and 10 pounds frequently; can stand or walk, in combination, for 6 hours in an 8-hour workday with normal breaks; and can sit for 6 hours in an 8-hour workday, with normal breaks. She can occasionally climb ramps and stairs, but can never climb ladders, ropes or scaffolds. She can occasionally crawl. She can frequently handle and finger bilaterally. She can have occasional exposure to extreme cold and vibration. The claimant can have exposure to no more than a moderate level of noise, as defined by the SCO of the DOT,

and cannot be exposed to bright lights, which is defined as no bright sunlight, stage lighting and strobe lighting. She may not be exposed to hazards such as unprotected heights and machinery with moving mechanical parts. She can understand, remember and carry out simple instructions with normal breaks, can use judgment to make simple work-related decisions, can have occasional interaction with the public that does not involve providing customer service to the public, and can deal with occasional changes in a routine work setting that is consistent with the aforementioned limitations.

(TR. 23).

Based on a finding that Ms. Sutmiller had no past relevant work,[1] the ALJ presented the RFC limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 76-77). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles that Plaintiff could perform. (TR. 77). The ALJ then adopted the VE's testimony and concluded, at step five, that that Ms. Sutmiller was not disabled based on her ability to perform the identified jobs. (TR. 29-30).

### III.  ISSUE PRESENTED

On appeal, Ms. Sutmiller alleges error in the ALJ's evaluation of: (1) a medical opinion and (2) Plaintiff's subjective allegations. (ECF No. 7:4-8).

### IV.  STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d.

---

[1] (TR. 28).

1172, 1177 (10th Cir. 2020) (citation omitted). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence . . . is more than a mere scintilla . . . and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V. THE ALJ'S CONSIDERATION OF A MEDICAL OPINION

Plaintiff alleges error in the ALJ's consideration of an opinion from certified physician's assistant Shelby Beamon. (ECF No. 7:4-7). The Court agrees with Ms. Sutmiller.

### A. Evidence Related to Plaintiff's Hands

Following complaints of hand pain, tingling, and numbness, Ms. Beamon referred Plaintiff for an electromyography (EMG) to measure the electrical activity of her muscles and nerves in her upper extremities. (TR. 771, 785). On September 14, 2020, Dr. Michael Tribby performed the EMG and summarized the findings as:

> abnormal demonstrating changes involving the median nerves bilaterally consisting of prolongation of the median motor latencies, mild forearm motor nerve conduction velocity slowing bilaterally, absence of the median

4

>sensory nerve action potentials bilaterally, and absence of the right median mixed nerve action potential. These findings are consistent with severe, bilateral carpal tunnel syndrome with left being slightly more severe than right.

(TR. 771). On October 16, 2020, Plaintiff presented to Dr. Thomas Lehman, complaining of bilateral hand numbness which had been going on for approximately one year. (TR. 903). On examination, Dr. Lehman stated that Plaintiff had a positive Durkan's, Phalen's, and Tinel's sign at the cubital tunnel. (TR. 904).[2] Dr. Lehman also reviewed the EMG test, noted Plaintiff's severe bilateral carpal tunnel syndrome, and discussed surgery with Ms. Sutmiller. (TR. 904). On October 29, 2020, Dr. Lehman performed left-handed carpal tunnel surgery on Plaintiff. (TR. 721-723, 907-909). On October 15, 2021, Dr. Ahmed Amayem saw Plaintiff for her cervical degenerative disc disease with painful sensory radiculopathy of the upper extremities and stated that on examination Plaintiff exhibited diminished upper extremities, as well as decreased motor strength and sensation in the affected area and the affected nerve root distribution. (TR. 868).

On November 2, 2021, Ms. Beamon authored a "Medical Source Opinion of Residual Functional Capacity" and stated that Plaintiff could:

- Use both arms for reaching, pushing, and pulling for 4-5 hours each day;

---

[2] A positive Phalen's sign indicates that the patient is experiencing characteristics of CTS such as pain and parenthesis along the distribution of the median nerve—i.e., the thumb, index finger, and middle finger. *See* https://www.ncbi.nlm.nih.gov/medgen/660310# (last visited July 3, 2023). A positive Durkan's sign indicates the presence of numbness, tingling, and pain in the fingers affected by the median nerve *See* https://nimhansnews.online/durkans-test-for-carpal-tunnel-syndrome (last visited July 3, 2023). Finally, a positive Tinel's sign indicates tingling along the median nerve, which is indicative of CTS *See* https://my.clevelandclinic.org/health/diagnostics/22662-tinels-sign# (last visited July 3, 2023).

- Use her right hand for grasping, handling, fingering, and feeling less than 2 hours each day;

- Use her left hand for grasping, handling, fingering, and feeling 4-5 hours each day.

(TR. 789). On March, 10, 2022, Plaintiff underwent right-handed carpal tunnel surgery. (TR. 884-886).

### B. The ALJ's Consideration of Ms. Beamon's Opinion and Related RFC

In the administrative decision, the ALJ rejected Ms. Beamon's opinion as having "limited persuasive value" because:

1. Ms. Beamon did not cite any findings, or provide any explanations to support her restrictions, beyond listing the claimant's diagnoses;

2. the opinion was rendered prior to the claimant's right-sided carpal tunnel release, Ms. Beamon's restrictions on the use of the right upper extremity did not necessarily accurately reflect Plaintiff's current functional abilities; and

3. prior to her surgery, Plaintiff's manipulative abilities "were largely intact."

(TR. 28). Accordingly, the ALJ concluded that Ms. Sutmiller could:

- lift, carry, push, and/or pull 20 pounds occasionally, and 10 pounds frequently; and

- "frequently"[3] handle and finger bilaterally.

(TR. 23).

---

[3] Social Security Ruling (SSR) 83-10 defines the term "frequent", for purposes of Social Security regulations, as occurring "from one-third to two-thirds of the time."

### C. Error in the ALJ's Consideration of Ms. Beamon's Opinion

Ms. Sutmiller challenges each of the ALJ's rationales as simply incorrect and/or lacking in substantial evidence. (ECF No. 7:4-7). The Court agrees with Plaintiff.

The ALJ first dismissed Ms. Beamon's opinion because she allegedly failed to explain her findings or cite evidence in support thereof beyond listing Plaintiff's diagnoses. (TR. 28). But a review of Ms. Beamon's report reveals otherwise—in support of her opinion, Ms. Beamon specifically cited:

1. the EMG test which provided objective proof of Plaintiff's severe carpal tunnel syndrome;

2. the MRI of Plaintiff's cervical spine which provided objective proof of "moderate to severe spinal canal and moderate to severe bilateral foraminal stenosis at C6-7," "severe spinal canal stenosis at C5-C6," and "moderate to severe right foraminal stenosis at C3-C4; and

3. Plaintiff's Diabetes Mellitus as the cause of Plaintiff's peripheral neuropathy.

(TR. 789).

Next, the ALJ dismissed Ms. Beamon's opinion because it had been rendered prior to the claimant's right-sided carpal tunnel release surgery. (TR. 28). As a result, the ALJ found that Ms. Beamon's restrictions on Plaintiff's use of her right upper extremity "d[id] not, therefore, necessarily accurately reflect Plaintiff's current functional abilities." (TR. 28). Indeed, Ms. Beamon rendered her opinion on November 2, 2021, approximately three months prior to Plaintiff's right-sided carpal tunnel release surgery. *Compare* TR. 789 *with* TR. 884-886. However, as noted by Ms. Sutmiller, Ms. Beamon's opinion covered a good portion of one of the two disability periods in this case, which the ALJ was required to consider.

In seeking Social Security benefits, Ms. Sutmiller filed for both disability insurance benefits (DIB) and supplemental security income (SSI). The period of consideration for Plaintiff's DIB was the alleged onset date of August 19, 2019 through the date last insured of September 30, 2021 and the period of consideration for Plaintiff's SSI claim was the protective filing date of July 29, 2020 through June 2, 2022, the date of the ALJ's decision. See Tucker v. Barnhart, 201 F. App'x 617, 621, 2006 WL 2981287, at *3 (10th Cir. 2006). Although Ms. Beamon's opinion was rendered prior to her right-handed surgery (and after the period of DIB had ended), the November 2, 2021 opinion reflected the condition of Plaintiff's right hand through the majority of the SSI period of disability. As stated, that period began July 29, 2020 and Ms. Beamon's opinion arguably extended through March 9, 2022, the day before Plaintiff's right-sided surgery. To be sure, the ALJ's second rationale for dismissing Ms. Beamon's opinion would suffice regarding the limited portion of the SSI claim from March 10, 2022 to June 2, 2022. But the ALJ had a duty to consider the entire period which began on July 29, 2020, to which Ms. Beamon's opinion related. See supra.

Finally, the ALJ dismissed Ms. Beamon's opinion, stating that "even prior to her release surgeries, [Ms. Sutmiller's] manipulative abilities were largely intact." (TR. 28). In support, the ALJ cited Exhibit 9F, at page 28, a report from Dr. Lehman dated October 16, 2020. (TR. 28). That record, however also showed "positive Durkan's Phalen's, and Tinel's [signs]" and specifically cited the EMG study which, Dr. Lehman stated, showed

bilateral carpal tunnel syndrome which was worse on the left. (TR. 904).[4] These findings are consistent with:

- Dr. Amayem's findings that upon examination, Plaintiff exhibited loss of sensation and tingling in the spinal nerve distribution of the affected nerve; diminished reflexes in hers upper extremities; and decreased motor strength and sensation in the affected area and

- Plaintiff's reports of bilateral hand numbness and grip weakness she reported in August 2019, August 2020, and October 2020, and October 2021.

See TR. 650, 785, 868 903. Thus, the Court concludes that the ALJ's third rationale for dismissing Ms. Beamon's opinion, which cited a single record in October 2020, lacks substantial evidence. See Grogan v. Barnhart, 399 F.3d 1257, 1261–62 (10th Cir. 2005) ("Evidence is not substantial if it is overwhelmed by other evidence in the record.").

## VI.   THE ALJ'S CONSIDERATION OF PLAINTIFF'S SUBJECTIVE ALLEGATIONS

Ms. Sutmiller alleges that the ALJ erred in considering Plaintiff's subjective allegations and the consistency of her statements. (ECF No. 7:8-9). The Court disagrees.

### A.   ALJ's Duty to Evaluate Plaintiff's Subjective Allegations

Social Security Ruling 16-3p provides a two-step framework for the ALJ to evaluate a claimant's subjective allegations. SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016).

---

[4] A positive Phalen's sign indicates that the patient is experiencing characteristics of CTS such as pain and parenthesis along the distribution of the median nerve—i.e., the thumb, index finger, and middle finger. See https://www.ncbi.nlm.nih.gov/medgen/660310# (last visited July 3, 2023). A positive Durkan's sign indicates the presence of numbness, tingling, and pain in the fingers affected by the median nerve See https://nimhansnews.online/durkans-test-for-carpal-tunnel-syndrome (last visited July 3, 2023). Finally, a positive Tinel's sign indicates tingling along the median nerve, which is indicative of CTS See https://my.clevelandclinic.org/health/diagnostics/22662-tinels-sign# (last visited July 3, 2023).

First, the ALJ must make a threshold determination regarding "whether there is an underlying medically determinable physical or mental impairment(s) that could reasonably be expected to produce an individual's symptoms, such as pain." *Id.*, at *2. Second, the ALJ will evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which they limit an individual's ability to perform work-related activities. *Id.* At this second step, the ALJ will examine the objective medical evidence, the claimant's statements regarding his symptoms, information from medical sources, and "any other relevant evidence" in the record. *Id.*, at *4. SSR 16-3p also directs the ALJ to consider the following seven factors in evaluating the intensity, persistence, and limiting effects of the claimant's symptoms:

- Daily activities;

- The location, duration, frequency, and intensity of pain or other symptoms;

- Factors that precipitate and aggravate the symptoms;

- The type, dosage, effectiveness, and side effects of any medication;

- Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;

- Any measures other than treatment a claimant has used to relieve pain or other symptoms; and

- Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

*Id.*, at *7. Finally, in evaluating a claimant's subjective statements, the ALJ must "provide specific reasons for the weight given to the [claimant's] symptoms, [which are] consistent

with and supported by the evidence, and [ ] clearly articulated" for purposes of any subsequent review. *Id.*, at *9.

### B.     No Error in the ALJ's Evaluation of Plaintiff's Subjective Allegations

Plaintiff alleges that "no specific reasons for the weight given to [her] symptoms were articulated anywhere in the decision." (ECF No. 7:8). The Court disagrees. In formulating the RFC, the ALJ stated that he had considered Plaintiff's symptoms and the consistency of her subjective allegations with other evidence of record. (TR. 23). The ALJ then set forth the two-step framework under SSR 16-3p and ultimately concluded that Plaintiff's reported limitations were not entirely consistent with the medical and other evidence of record. (TR. 23-28). In doing so, the ALJ acknowledged Plaintiff's testimony regarding chronic neck pain, headaches, and difficulty using her upper extremities. (TR. 24). With a detailed discussion of and citation to the record, the ALJ thereafter discounted the allegations, citing to objective evidence of Plaintiff's EMG test, carpal tunnel surgeries, progress notes from Dr. Lehman and certified Physician's Assistant Richard Hutchison, lack of treatment for her headaches, treatment in the form of medial branch blocks to treat her back pain, and Plaintiff's reports that her medication regimen was effective at treating her physical ailments. (TR. 24-28). Accordingly, the Court rejects Plaintiff's allegation of error.

### ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties.

Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on July 31, 2023.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE